09-2301-cv
Shelton v. Trustees of Columbia University

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

Present:
JOSEPH M. McLAUGHLIN,
*Circuit Judge*,
DENNY CHIN,[*]
*District Judge*.[**]

_____

SHAWN SHELTON,

*Plaintiff-Counter-Defendant-Appellant*,

-v-                                                            (09-2301-cv)

TRUSTEES OF COLUMBIA UNIVERSITY,

*Defendant-Counter-Claimant-Appellee*.

_____

_____

[*] The Honorable Denny Chin, United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Appellees:     Arthur M. Toback, Toback Bernstein & Reiss, LLP, New York, N.Y.

Appearing for Appellant:     Annette G. Hasapidis, South Salem, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Shawn Shelton sued the Trustees of Columbia University ("Columbia") for retaliatory dismissal under Title IX of the Educational Amendments of 1972, race discrimination under 42 U.S.C. § 1981, and breach of contract. Shelton alleges that he was expelled from Columbia not because of his admitted plagiarism but because he did not acquiesce to, and filed a complaint about, an administrator's sexual advances, or because of race discrimination, or both. Shelton further alleges that Columbia acted arbitrarily and capriciously in expelling him. This case was previously before us on appeal from a Rule 12(b)(6) motion. We affirmed in part and remanded in part for repleading.

On remand, the district court granted Columbia's motion for summary judgment on April 30, 2009. Shelton now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment, as well as a district court's interpretation of a contract, de novo. *See Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006). Summary judgment is appropriate where there is "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, we must resolve all ambiguities and draw all inferences against the moving party. *See Parks Real Estate*,

2

472 F.3d at 41.  However, the non-moving party must offer more than "conclusory allegations or unsubstantiated speculation" to defeat summary judgment; the non-moving party "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citation omitted).

Both the retaliation claim and the race discrimination claim are analyzed under the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this framework, to establish a prima facie case of retaliation, the plaintiff must show that (1) he was engaged in a protected activity, (2) the institution was aware of that activity, (3) he suffered an adverse action, and (4) there was a causal connection between the protected activity and the adverse action.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 79 (2d Cir. 2001).  Similarly, to establish a prima facie case of race discrimination, the plaintiff must show that (1) he belonged to a protected class, (2) he was subject to an adverse action, (3) he satisfactorily performed required duties, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

Once the plaintiff presents a prima facie case, the burden then shifts to the defendant to offer a legitimate non-discriminatory reason for its actions.  *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000).  If the defendant does so, the burden returns to the plaintiff to show that the proffered reason is a mere pretext for a true discriminatory motive.  *See id.*  At this stage, "plaintiff may no longer rely on the presumption raised by the prima facie case, but may still prevail by showing, without the benefit of the presumption, that the [adverse] determination was in fact the result of . . . discrimination." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008).

Here, there is no dispute that (1) Shelton committed plagiarism; (2) the plagiarism charge was preferred to a disciplinary committee by a professor not accused of discrimination or retaliation; (3) plagiarism, pursuant to published guidelines, can result in expulsion; and, (4) in accordance with published guidelines, a four-member disciplinary committee and then a full six-member committee both voted to expel Shelton, with those accused of discrimination and/or retaliation either not voting or voting for a lesser punishment. Thus, even assuming Shelton met his prima facie burden as to either charge, he failed to present evidence from which a reasonable jury could find that Columbia's legitimate reason for his expulsion was pretextual.

The district court also properly dismissed the breach of contract claim. Assuming, without deciding, that a contract existed, Shelton failed to present "hard evidence," *Jeffreys*, 426 F.3d at 554, that Columbia breached or that he satisfactorily performed, *see Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994). Because the breach of contract claim was properly dismissed, Shelton's claim for damages was also properly dismissed.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk